IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THERESA LYNN GROH, Individually and as Administratrix of the ESTATE OF BARRY ROY GROH, a/k/a BARRY R. GROH, a/k/a BARRY GROH, Deceased,** Plaintiff, <br><br> v. <br><br> **ROBERT MONESTERO,** Defendant. | **CIVIL ACTION NO. 13-1188** |

**Baylson, J.**                                                                                           **April 29, 2013**

**MEMORANDUM RE: MOTION FOR REMAND**

Plaintiff in this wrongful death action moves to remand the case to the Bucks County Court of Common Pleas, where she contends related cases are underway vis-à-vis defendants who are jointly and severally liable, along with Defendant here, for her husband's death. Plaintiff contends remand is appropriate because joinder of the defendants from the related state-court actions would destroy diversity, thus depriving this Court of subject matter jurisdiction. For the reasons below, Plaintiff's motion to remand is GRANTED.

I.     **Facts and Procedural History**

This action arises out of a hunting accident that occurred on November 29, 2010, in Bucks County, Pennsylvania. Barry Groh, Plaintiff's deceased husband, was deer-hunting in the area of 1155 California Road, located in Bucks County. David Manilla, who lives at 1155 California Road, was also deer-hunting on his property that day. Groh was joined by two companions, Michael Marino and Robert Monestero. At some time between 11:30 a.m. and 12:30 pm, Manilla accidentally shot and killed Groh, believing he was a deer. Manilla pled guilty to involuntary manslaughter on July 8, 2011. (Complaint ¶ 35 & Ex. A) (ECF 4).

Mrs. Groh initiated a wrongful death suit against David Manilla in the Bucks County Court of Common Pleas on January 10, 2011. (Id.).[1] She alleged Manilla had acted carelessly and recklessly in failing to regard the safety of her husband, in failing to make reasonable precautions to avoid shooting her husband, in riding and driving an ATV with loaded weapons on his property, and in failing to notify the police of the accident until thirty minutes after discovering her husband was shot. (Id. ¶ 36).

Plaintiff initiated several other civil actions in the Bucks County Court of Common Pleas over the subsequent months. On November 2, 2011, she filed a Complaint in Trespass against Michael Marino, the second member of Manilla's hunting party; on March 14, 2012, she filed a Complaint for Declaratory Judgment against Allstate Insurance Company, Allstate Property and Casualty Insurance Company, and David and Vivian Manilla; and on May 29, 2012, she filed a Complaint in Trespass against Barbara Fletcher, David Manilla's paramour. The Bucks County Court of Common Pleas issued an Order on September 13, 2012, consolidating the actions against Manilla, Marino, and Fletcher for the purposes of pre-trial discovery and trial, and also consolidating the action against Allstate et al. for the purpose of discovery. (Def. Br. in Opp. Remand at 2-3 & Ex. G) (ECF 10). The court issued a Case Management Order on December 28, 2012, setting a deadline of April 30, 2013 for the close of factual discovery which was recently extended to August 1, 2013.

Plaintiff then initiated suit against Robert Monestero, the third member of the hunting party and the Defendant in this case, in the Bucks County Court of Common Pleas. Plaintiff filed a Writ of Summons upon Monestero on November 27, 2012. (Id. Ex. E). On February 8, 2013, Plaintiff requested that Monestero appear for a deposition in the consolidated action against

---

[1] Plaintiff also named as defendants Honor Manilla and Vivian Manilla, Mr. Manilla's mother and sister, charging them with conspiring to make fraudulent transfers to intentionally dissipate Manilla's assets. (Id.).

Manilla, Marino and Fletcher. (Id. Ex. M). Monestero's counsel responded that his client would not appear until he knew of the specific claim against him (id. Exs. N & S), and Monestero filed a motion in Bucks County court that same day, requesting that the prothonotary "issue a rule upon Plaintiff to file a Complaint in the above matter." (Id. Ex. J). On March 4, 2013, Plaintiff filed a Complaint in Trespass against Monestero in the Bucks County Court of Common Pleas. (Id. Ex. F). Defendant concedes that by filing the Writ of Summons on November 27, 2012, Plaintiff complied with the two-year statute of limitations for wrongful death actions under 42 Pa. Consol. Stat. § 5524, given that Groh's death occurred on November 29, 2010. (Def. Br. in Opp. Remand at 11) (ECF 10).[2]

On March 6, 2013, Monestero filed a Notice of Removal in this Court. (ECF 1). On March 15, 2013, Defendant filed a Motion to Dismiss. (ECF 2). Plaintiff, in response, filed an Amended Complaint on April 5, 2013 (ECF 7) and a Motion for Remand to the Court of Common Pleas of Bucks County on April 3, 2013 (ECF 4). Defendant filed a Response to the remand motion on April 17, 2013 (ECF 10), and Plaintiff filed a Reply on April 26, 2013 (ECF 14). For the reasons below, the Court finds remand the appropriate disposition for this case.

## II. The Parties' Arguments

### a. Plaintiff's Arguments in Favor of Remand

---

[2] Two discovery disputes arose between counsel for Plaintiff and Defendant in the February-March 2013 time period. First, on February 18, 2013, after the Writ of Summons was filed, counsel for Monestero attempted to serve Plaintiff with a substantial number of discovery requests. (Def. Br. in Opp. Remand Ex. K) (ECF 10). Plaintiff's counsel responded that he was "disregard[ing] these documents at this time" because Pennsylvania Rule 4003.8 "permits only plaintiffs to take pre-complaint discovery." (Id. Ex. L). Next, on March 12, 2013, after the Complaint was filed, Plaintiff sent Monestero a notice demanding that he appear for a deposition in the consolidated action against Manilla et al. (Id. Ex. O). Counsel for Monestero responded that he objected to "any attempt to take my client's deposition in the other cases that are in Bucks County" because Monestero had not been served with a subpoena. He also wrote that he (counsel) was "not in a position to take part in depositions of witnesses" because no discovery had been exchanged. (Id. Ex. P).

The federal statute governing remand, 28 U.S.C. § 1447(e), provides that "if after removal the plaintiff seeks to join additional defendants whose joiner would destroyed subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." Although Plaintiff has not made a formal motion for joinder of additional defendants here, she contends Section 1447(e) counsels for remand because if she did seek to join the defendants from the consolidated, Bucks County action against Manilla, Marino, and Fletcher, diversity would be defeated and this Court's subject matter jurisdiction would be lost. (See Pl. Motion for Remand at 7) ("Plaintiff seeks to remand this case to state court so that it, too, can be consolidated in the Bucks County action. Because all of the defendants in the Bucks County Action are Pennsylvania residents, their joinder would destroy diversity. Thus, the Court of Common Pleas of Bucks County, Pennsylvania, is the only forum where the cases can be tried together."). Plaintiff contends that without remand, "the case against Mr. Monestero will proceed separately from the Bucks County Action, necessitating duplicative discovery, depositions, and, of course, trials." (Id.). This would lead to a "waste of judicial and legal resources" and potentially inconsistent results. (Id.). Additionally, Plaintiff points out, the Bucks County Action is already quite far along, with Judge Robert Mellon having conducted numerous conferences and issued several orders. Judge Mellon is thus "well-positioned to consider [the present action] after remand and consolidation," Plaintiff claims. (Id. at 8).

As support for her Motion for Remand, Plaintiff cites Morze v. Southland Corp., 816 F. Supp. 369, 371 (E.D. Pa. 1993), another case involving remand in light of a pending state court action. In Morze, the plaintiff initiated a tort suit in the Philadelphia Court of Common Pleas against a defendant after sustaining an injury on his property. The defendant removed to federal court. During discovery, the plaintiff realized the franchisee of the property was also potentially

liable for breaching a duty to fix unsafe conditions, and she commenced an action against the franchisee in state court. The plaintiff then moved for remand of the federal case, arguing "the joinder of [the franchisee] as a party defendant in this action would destroy diversity." The court granted the plaintiff's request. It held the "elements and facts relevant to each cause of action overlap" and "Ms. Morze's attempt to remand the case does not appear to be an attempt to 'forum shop,' but rather an attempt to promote judicial economy and prevent duplicative litigation." Id. at 371. Plaintiff cites additional supportive cases from this District as well. Carter v. Dover Corp., Rotary Lift Div., 753 F. Supp. 577, 580 (E.D. Pa. 1991) (granting plaintiff's motion for remand because the "most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding"); Ziczuk v. Bell Supply Co., 1991 WL 240206, at *2 (E.D. Pa. Nov. 12, 1991) (granting the motion for remand because"[o]nly in the state court may all of the Plaintiff's state law claims for damages against all defendants be consolidated into one civil action").

Plaintiff also notes that because the defendants she seeks to join are joint-tortfeasors, they are not indispensable parties under Rule 19. Plaintiff contends this does not change the remand analysis and the Court agrees. In numerous cases, courts have granted remand despite the fact that the parties sought to be added were joint tortfeasors rather than indispensable parties. See also City Line-Hamilton Builders LLC v. Cincinnati Ins. Co., 2013 WL 1286187, at *4 (E.D. Pa. Mar. 29, 2013); Carter, 753 F. Supp. at 579; Ziczuk , 1991 WL 240206 at *2.

    **b.   Defendant's Arguments Against Remand**

Defendant advances what are essentially three arguments against remand. First, Defendant points out that Section 1447(e) permits remand only when "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," but here,

"Plaintiff has made absolutely no request to join any additional defendants in this case." (Def. Mot. Opp. Remand at 8) (ECF 10). Although this is a somewhat formalistic argument, because the premise of Plaintiff's Motion for Remand is that Plaintiff would otherwise have to seek joinder of non-diverse parties, Defendant is correct that no motion to join new parties has been filed.

Second, Defendant contends that any request to join Monestero "with some of the other defendants, such as Barbara Fletcher . . . Honor Manilla, and Vivian Manilla" should be rejected because Plaintiff's actions against those defendants do not involve "the same common question[s] of law or fact" as the action against Monestero. Id. at 8-9. Plaintiff's claim against Fletcher is for negligent entrustment of a firearm and her claim against Honor and Vivian Manilla is for fraudulent transfers of property. These causes of action – unlike the action against Defendant Monestero – do not turn primarily on questions of fact surrounding the hunting accident.

Finally, Defendant's most forceful argument against remand is that it would reward Plaintiff for creating an unfair litigation posture against Monestero in state court. According to Defendant, "Plaintiff's counsel has made strategic decisions as to who to sue in what cases, when to sue them, and what discovery she was going to provide." Id. at 11. Plaintiff waited until November 2012 to initiate suit against Monestero and until March 2013 to file a formal Complaint against him, but by that point, discovery "had been ongoing since January 2011" in the consolidated case against Manilla and others. Id. "If the Court were to remand this case to Bucks County Court of Common Pleas, this Florida Defendant would be faced with [] significant hardships," Defendant claims, because the majority of the discovery in the consolidated action would be complete. Id. at 12.

**III.   Analysis**

The Court's analysis is guided by the factors set forth by the Fifth Circuit in <u>Hensgens v. Deere Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987).  <u>Hensgens</u> has come to serve as the template for courts in this District deciding motions to remand under Section 1447(e). <u>See</u> <u>Cnty. of Northampton v. RAM Constr. Servs. of Cleveland, LLC</u>, 2013 WL 878887, at *3-4 (E.D. Pa. Mar. 29, 2013) (Baylson, J.) (remanding the case to state court after applying the <u>Hensgens</u> factors); <u>Doe No. 4 v. Soc'y for Creative Anachronism, Inc.</u>, 2007 WL 2155553, at *3 (E.D. Pa. July 25, 2007) (Baylson, J.) (collecting cases from the Eastern District of Pennsylvania adopting the <u>Hensgens</u> test); <u>Massaro v. Bard Access Sys., Inc.</u>, 209 F.R.D. 363, 369 (E.D. Pa. 2002) (applying the <u>Hensgens</u> test).  The <u>Hensgens</u> factors are: whether plaintiff's purpose in seeking to add a new, non-diverse defendant and thus to remand the case to state court is explicitly to defeat federal jurisdiction, whether the plaintiff was dilatory in seeking to add the new defendant, whether the plaintiff will be injured if the motion is not allowed, and any other factors bearing on the equities. <u>Hensgens</u>, 833 F.2d at 1182.

Here, the Court concludes the <u>Hensgens</u> factors counsel in favor of remand to the Bucks County Court of Common Pleas.  As to the first factor, there is no evidence suggesting Plaintiff's motive is to defeat federal jurisdiction. Instead, Plaintiff's guiding objective appears to be to pursue a single action against all parties potentially responsible for her husband's death in one forum. Plaintiff had already filed lawsuits against the three members of the hunting party, Manilla, Marino and Monestero, in Bucks County, and had already consolidated two of those lawsuits, before Defendant Monestero invoked this Court's jurisdiction through removal. This case is thus distinguishable from cases like <u>Society for Creative Anachronism</u>, where the plaintiff added a new defendant only *after* the case had been removed to federal court. <u>See Soc'y for</u>

Creative Anachronism, Inc., 2007 WL 2155553 at *4 ("Plaintiffs have not given any valid reasons as to why they did not name Schragger as a defendant in the state court summons. Plaintiffs have been aware of Schragger's involvement for several years . . . and his location would not have been difficult to be determined.").

As to the second Hensgens factor, Plaintiff was by no means dilatory in seeking remand for the purpose of consolidating the present case with related cases in state court. Defendant Monestero filed a Notice of Removal on March 6, 2013 (ECF 1) and Plaintiff filed a Motion for Remand on April 3, 2013 (ECF 4), less than one month later.

As to the third factor, whether Plaintiff will be injured if remand to the Bucks County Court of Common Pleas is denied, such is unquestionably the case. Without remand, Plaintiff will be forced to pursue two lawsuits in two separate court systems, even though they both center on the same set of facts and circumstances – the hunting accident of November 29, 2010. See City Line-Hamilton Builders LLC, 2013 WL 1286187, at *8 ("Litigating this matter twice may injure plaintiffs to some degree by expending resources to fight the same fight in two fora and the possible risk of conflicting decisions."); Kahhan v. Mass. Cas. Ins. Co., 2001 WL 1454063, at *1-3 (E.D. Pa. Nov. 14, 2001) (finding remand appropriate because plaintiff would be injured by being "forced to litigate two lawsuits at the same time").

As to the final Hensgens factor, which captures any other equitable consideration, the Court recognizes Defendant Monestero's argument that he may be prejudiced by the ripe nature of the action with which his suit would be consolidated in Bucks County, Groh v. Manilla et al., No. 2011-00199. The extension of discovery to August 1, 2013 removes any prejudice.

Finally, the Court finds Defendant's formalistic argument, i.e., that Plaintiff's Motion for Remand should be denied because Plaintiff did not file an actual motion for joinder of new

defendants here, unavailing. Plaintiff's remand motion is centered on arguments about joinder: Plaintiff explains her goal is to consolidate the lawsuit against Monestero with related state-court actions against other defendants, but that joinder of those defendants in this Court would be impossible. (Pl. Mot. Remand at 2, 3, 4 7) ("Plaintiff initially filed the Bucks County Action against David Manilla . . . . After discovery began, Plaintiff filed three additional lawsuits against Attorney Marino, Barbara Fletcher, and Mr. Monestero. Plaintiff successfully consolidated into the Bucks County Action the lawsuits against the Manillas, Attorney Marino, and Barbara Fletcher. Now, Plaintiff seeks to remand this case to state court so that it, too, can be consolidated into the Bucks County Action. Because all of the defendants in the Bucks County Action are Pennsylvania residents, their joinder would destroy diversity."). The fact that Plaintiff did not file a formal motion for joinder is not dispositive because her arguments about joinder are clearly set forth in the Motion for Remand. See Morze, 816 F. Supp. at 371 (granting plaintiff's motion for remand even though plaintiff did not file a formal motion for joinder).[3]

---

[3] The Court also notes that at least twice, two judges in this District have denied motions for remand when the plaintiff chose to file separate actions in state court against the defendants thereafter sought to be joined in federal court, rather than one state-court action. See Lempke v. Gen. Elec., Co., 2011 WL 2415076, at *4 (E.D. Pa. June 16, 2011) (denying a motion for remand "in light of [the plaintiff's] choice to commence separate litigation against a diverse party rather than simply joint it to the [original] litigation" in state court) (internal quotation marks and citation omitted); Brown v. Liberty Mut. Fire Ins., 2006 WL 3000964, at *3 (E.D. Pa. Oct. 19, 2006) ("Plaintiffs had the opportunity to add Liberty Fire as a defendant in the Liberty Group Case in state court. Instead, they chose to file a separate action against Liberty Fire, and thereafter failed to consolidate the two cases before Liberty Fire removed the case to this Court. Consequently . . . I will deny the motion to remand."). Here, it is also the case that Plaintiff initiated a separate action against Monestero in Bucks County by filing a Complaint against him on March 4, 2013, as opposed to adding him off the bat to the pending action against Manilla et al. However, the controlling test for remand under Section 1447(e) is the Hensgens factors – not plaintiff's litigation moves in state court. See Morze, 816 F. Supp. 369, 371 (E.D. Pa. 1993) (granting remand where the plaintiff had initiated separate state-court actions but then sought to join the defendants in federal court); see also City Line-Hamilton Builders LLC, 2013 WL 1286187 at *8 (same). The Hensgens factors here counsel in favor of remand. See supra. Moreover, Defendant filed his removal notice on March 6, 2013, a mere two days after Plaintiff filed the Complaint against him in Bucks County. Plaintiff contends she was on the cusp of moving for consolidation, and there is no reason to doubt her contention. (See Pl. Mot. for Remand at 3) (ECF 4) ("Before Plaintiff could move to consolidate the Complaint [against Monestero] into the Bucks County Action, Mr. Monestero filed a notice of removal.").

***

For the forgoing reasons, Plaintiff's Motion for Remand is GRANTED and the case is remanded to Court of Common Pleas of Bucks County, Pennsylvania. An appropriate Order follows.

O:\SARA\GROH V. MONESTERO\MEMORANDUM OF LAW RE REMAND.DOCX.